3630 MJM; HD393

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LEAH CARTER,                          )
                                      )
    Plaintiff,                        )
                                      )
v.                                    )
                                      )
THE HOME DEPOT U.S.A., INC.,          )
                                      )
    Defendants.                       )

FILED: MAY 16, 2008
08CV2864   RCC
JUDGE ASPEN
Court No.:   MAGISTRATE JUDGE BROWN

**DEMAND BY JURY**

## NOTICE OF REMOVAL OF CAUSE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

NOW COMES the Defendant, THE HOME DEPOT USA, INC., by its attorneys, PURCELL & WARDROPE, CHTD., and pursuant to 28 U.S.C.A. 1332, 1441 and 1446, hereby provides notice of its removal of this cause to the Northern District of Illinois for the following reasons:

1.      On or about February 20, 2008, there was commenced and is now pending in the Circuit Court of the Cook County, Illinois, a certain civil action under case #08 L 001929, in which Leah Carter is the Plaintiff, and The Home Depot USA, Inc. is the Defendant.

2.      The aforementioned lawsuit is brought by the Plaintiff seeking damages for personal injuries under a premises liability negligence theory. The Complaint does pray for damages in excess of $50,000. However, the Plaintiff's attorney did not provide the Defendant with an affidavit as to damages pursuant Illinois Supreme Court Rule 22(b).

3.    Furthermore, the Plaintiff's Complaint at Law merely alleged that the Plaintiff "was caused to suffer diverse temporary and permanent disabling injuries to her person as a result of which she became and was sick, sore, lame and disordered and has suffered, and will continue to suffer, great pain and agony in body and mind, and was caused to lay out and expend, and did lay out and expend, and by reason of said permanent injuries which she has sustained will be compelled to lay out and expend in the future, diverse sums of money for medical care and attention; plaintiff has suffered great emotional distress and does now so suffer and will continue to suffer in the same manner in the future; plaintiff was greatly hindered and prevented, and will be greatly hindered and prevented in the future from following her ordinary affairs and duties and has lost and will continue to lose great gains she would otherwise have made and acquired."

4.    As of the date the Complaint was filed, the only evidence the Plaintiff's attorney had given the Defendant with regards to the extent of the injuries suffered by the Plaintiff was the bill from a physical therapist totaling $5,681.00 for treatment rendered from September 4, 2007 to October 31, 2007.

5.    With no further information, on April 7, 2008, the Defendant issued discovery to the Plaintiff seeking information regarding the extent of the Plaintiff's injuries and damages and, accordingly, an estimate of the amount in controversy. Said discovery included a request to admit which sought the Plaintiff's admission that the amount in controversy was not in excess of $75,000. (see state court filings attached hereto, per paragraph 9 below). On April 29, 2008, the Defendant received the Plaintiff's Response to its Request to Admit in which the Plaintiff denies that the amount in

controversy exceeds $75,000. (see state court filings attached hereto, per paragraph 9 below).

6.    The Defendant states that the above lawsuit involves a controversy with complete diversity of citizenship between citizens of different states, and the Defendant affirmatively states further:

(a)    Per the Plaintiff's Response to Defendant's Requests to Admit filed in the state court on April 24, 2008 (see state court filings attached hereto, per paragraph 9 below), Plaintiff was at the commencement of this action, a resident of the State of Illinois and is not a citizen of the State of Delaware or of the State of Georgia;

(b)    The Defendant, THE HOME DEPOT USA, INC. is a corporation duly created and organized by and under the laws of the State of Delaware with its principal place of business in the State of Georgia, and was not and is not a corporation created or organized under the laws of the State of Illinois, nor does it have principal places of business in the State of Illinois.

7.    This matter involves a controversy between an individual who is a resident of the State of Illinois on the one hand, and a corporation incorporated or organized pursuant to the laws of a state other than Illinois, and who has its principal place of business in a state other than Illinois, on the other hand. Further, the amount in controversy involves more than Seventy Five Thousand Dollars ($75,000), exclusive of interest and costs. Accordingly, the District Court for the United States has original jurisdiction over this lawsuit.

8.    This Notice of Removal is timely filed within thirty (30) days of the Defendant and its counsel receiving sufficient information to form a reasonable belief as to the amount in controversy, per paragraph 5 above.

9.    Attached hereto and made a part hereof are copies of the following documents filed by the Plaintiff and the Defendant in the Circuit Court of the Cook County, Illinois under case #08 L 001929:

-    The Plaintiff's Complaint at Law;

-    The Summons directed to the Defendant;

-    Defendant's Appearance and Jury Demand;

-    Defendant's Answer and Affirmative Defense;

-    Defendant's Interrogatories, Rule 214 Request, Rule 237 Demand, Rule 213 Interrogatories, and Request to Admit, all directed to the Plaintiff;

-    Defendants' Notice of Filing Re: Appearance, Jury Demand, Answer and Affirmative Defenses;

-    Defendant's Notice of Filing Re:  Interrogatories, Rule 214 Request, Rule 237 Demand, and Request to Admit

-    Defendant's Notice of Filing Re:  Rule 213 Interrogatories

-    Plaintiff's Response to Defendant's Request to Admit and Notice of Filing thereof; and

-    Defendant's Notice of Filing Re: Notice of Removal.

To the Defendant's knowledge, no other documents or pleadings have been filed in said lawsuit.

10.    Notice of the filing of this Removal has been given to all parties as required by law, and is attached hereto.  A true and correct copy of this Removal has been filed with the Clerk of the Circuit Court of Cook County, Illinois – Law Division, as provided by law.

11.     With its appearance filed in the Circuit Court of Cook County, Illinois –

Law Division, the Defendant demanded and paid the additional fee for a jury demand.

The Defendant herein on removal also demands this case be tried by a jury.

WHEREFORE, the Defendant, THE HOME DEPOT USA, INC., prays that it

may affect removal of the within action from the Circuit Court of the Cook County,

Illinois – Law Division, to the United States District Court for the Northern District of

Illinois – Eastern Division, and that the matter be tried before a jury.

Respectfully submitted,

PURCELL & WARDROPE, CHTD.


By:      /s/ Mark J. Mickiewicz
         Mark J. Mickiewicz


PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
Tel: (312) 427-3900
Fax: (312) 427-3944
Email: mjm@pw-law.com
F:\MJM\3630\Pleadings\Notice of Removal.doc

Attorney No. 25161

STATE OF ILLINOIS    )
                        ) SS

COUNTY OF C O O K   )

2008L001929
CALENDAR/ROOM J
900:00
Pl Other

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| LEAH CARTER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs | ) | No. |
| | ) | |
| THE HOME DEPOT U.S.A., INC., | ) | |
| a foreign corporation, D/B/A THE | ) | |
| HOME DEPOT | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES plaintiff, LEAH CARTER, by and through her attorneys,
JOHN M. MOLLOY & ASSOCIATES, and complaining of defendants, THE HOME
DEPOT U.S.A., INC., a foreign corporation, d/b/a THE HOME DEPOT, states as
follows:

1.     On and prior to February 27, 2006, defendants, THE HOME DEPOT
U.S.A., INC., a foreign corporation, d/b/a THE HOME DEPOT, were duly licensed
to do business in the State of Illinois, maintaining offices and places of business in
the County of Cook and State of Illinois, for the purpose of selling various products
and merchandise at retail to the public in general.

2. Pursuant to said business purpose, defendants, THE HOME DEPOT
U.S.A., INC., a foreign corporation, d/b/a THE HOME DEPOT, owned, operated,

managed, maintained and controlled certain retail stores and outlets in the City of Chicago, County of Cook and State of Illinois, one of which was located at 6211 North Lincoln Avenue, to which defendants, invited the public in general.

3.    On February 27, 2006, plaintiff, LEAH CARTER, entered upon the business premises of defendants, at 6211 North Lincoln Avenue, for the purpose of making various purchases and as such business invitee was lawfully on and upon said premises.

4. On or before February 27, 2006, THE HOME DEPOT U.S.A., INC., a foreign corporation, d/b/a THE HOME DEPOT, had a duty to keep the pedestrian shopping aisles free from debris and materials dangerous to the public especially the plaintiff, LEAH CARTER.

5.    In connection with the operation of its retail store or outlet, defendants, placed, or caused to be placed, or did not proper secure a clear plastic hand tag, allowing said same article to be in the area plaintiff, LEAH CARTER, was walking and shopping.

6.    As plaintiff was looking at the refrigerators when she slip, on said clear plastic hang tag, causing her to lose her balance, causing her to hit her hand on the refrigerator catching herself, and causing her knee to strike the concrete floor with great force and violence.

7.    At all times material hereto, it was the duty of defendants to exercise ordinary care in the operation of said business premises for the safety of patrons invited to shop therein.

8.     Notwithstanding said duty as heretofore alleged in the next preceding paragraph, defendants, carelessly and negligently did, or failed to do, one or more of the following acts which proximately caused injury and damage to plaintiff:

    a.  Failed to exercise reasonable care in the operation, management, maintenance and control of the aforesaid business premises;

    b.  Negligently placed, or caused to be placed, or failed to properly attach, a clear plastic hang tag on the appliances, creating a danger to patrons who would not see them on the floor.

    c.  Knew, or in the exercise of ordinary care should have known that the clear plastic tag on the floor represented a hazard to persons entering upon said business premises, yet failed to correct it;

    d.  Failed to warn plaintiff of the danger to her from going on said premises.

    e.  Failed to properly supervise the personnel who set up sales tags and displays in the area of plaintiff's injury.

9.  By reason of the premises and as a direct and proximate result of the aforesaid careless and reckless acts, or omissions, of defendants, plaintiff was caused to suffer diverse temporary and permanent disabling injuries to her person as a result of which she became and was sick, sore, lame and disordered and has suffered, and will continue to suffer, great pain and agony in body and mind, and was caused to lay out and expend, and did lay out and expend, and by reason of said permanent injuries which she has sustained will be compelled to lay out and expend in the future, divers sums of money for medical care an attention; plaintiff has suffered great emotional distress and does now so suffer and will continue to

suffer in the same manner in the future; plaintiff was greatly hindered and prevented, and will be greatly hindered and prevented in the future from following her ordinary affairs and duties and has lost and will continue to lose great gains she would otherwise have made and acquired.

WHEREFORE, plaintiff, LEAH CARTER, asks judgment against defendants, home depot HOME DEPOT U.S.A., INC., a foreign corporation, D/B/A THE HOME DEPOT, in the sum in excess of Fifty Thousand Dollars ($50,000.00) plus costs of this action.

By _____

JOHN M. MOLLOY & ASSOCIATES
Attorneys for Plaintiff
Attorney No. 25161
20 S. Clark Street, Suite 2000
Chicago, Illinois 60603
312/346-4444

2120 - Served
2220 - Not Served
2320 - Served By Mail
2420 - Served By Publication SUMMONS

2008L001929
CALENDAR/ROOM I
TIME 00:00
PI Other

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| LEAH CARTER | ) |
| Plaintiff, | ) |
| | ) |
| vs | ) No. |
| | )Please serve: The Home Depot |
| THE HOME DEPOT U.S.A., INC., | ) U.S.A, Inc., a foreign corp by |
| a foreign corporation, D/B/A THE | ) its agent Illinois Corp Service |
| HOME DEPOT | ) 801 Adai Stevenson Drive |
| Defendants. | ) Springfield, IL 62703 |

## SUMMONS

To each defendant:
YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the office of the Clerk of this Court at the following location:

x Richard J. Daley Center, 50 W. Washington, 801, Chicago, Illinois, 60602
___ District 2 - Skokie 5600 Old Orchard Rd. Skokie, IL 60077
___ District 3 - Rolling Meadows 2121 Euclid, Rolling Meadows, IL 60008
___ District 4 - Maywood 1500 Maybrook Ave. Maywood, IL 60153
___ District 5 -Bridgeview 10220 S. 76th Ave. Bridgeview, IL 60455
___ District 6 -Markham 16501 S. Kedzie Pkwy. Markham, IL 60426

You must file within 30 days after service of this summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:
This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

Witness FEB 20 2008

DOROTHY BROWN
CLERK OF CIRCUIT COURT

SEAL

Clerk of the Court

Attorney No. 25161
Name: John M. Molloy & Associates
Attorney for: plaintiff
Address: 20 South Clark-2000
City/State: Chicago, IL 60603
Telephone: 312-346-4444

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

3630 MJM; HD393                                                    Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

LEAH CARTER,                          )
                                      )
    Plaintiff,             )
                                      )
v.                                    )          No. 08 L 1929
                                      )
THE HOME DEPOT U.S.A., INC.,          )
                                      )
    Defendant.             )

FILED-2
2008 APR -4  PM 3:31
DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION

### APPEARANCE & JURY DEMAND

The undersigned, as attorney, enters the appearance on behalf of Defendant,

**THE HOME DEPOT U. S. A., INC.**

**\*\*\*Defendant demands Trial by Jury.**

Respectfully submitted,

By: _____
Mark J. Mickiewicz

**PURCELL & WARDROPE CHTD**
10 South LaSalle Street
Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\MJM\3630\Pleadings\App & JD.doc

I certify that a copy of the within instrument was served on all parties who have appeared and have not heretofore been found by the Court to be in default for failure to plead.

_____
Mark J. Mickiewicz

3630 MJM; HD393                                                      Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

LEAH CARTER,                    )
                                )
        Plaintiff,              )
                                )
v.                              )         No. 08 L 1929
                                )
THE HOME DEPOT U.S.A., INC.,    )
                                )
        Defendant.              )

FILED 2
2008 APR -4 PM 3:31
DOROTHY BROWN
CLERK OF CIRCUIT COURT
LAW DIVISION

## ANSWER TO COMPLAINT AT LAW & AFFIRMATIVE DEFENSES

NOW COMES Defendant, THE HOME DEPOT USA, INC., by and through its

attorneys, PURCELL & WARDROPE, CHTD., and for its Answer to Plaintiff's

Complaint at Law, states as follows:

    1.      On and prior to February 27, 2006, defendants, THE HOME DEPOT

U.S.A., INC., a foreign corporation, d/b/a THE HOME DEPOT, were duly licensed to do

business in the State of Illinois, maintaining offices and places of business in the County

of Cook and State of Illinois, for the purpose of selling various products and merchandise

at retail to the public in general.

    **ANSWER:**    Admitted.


    2.      Pursuant to said business purpose, defendants, THE HOME DEPOT

U.S.A., INC., a foreign corporation, d/b/a THE HOME DEPOT, owned, operated,

managed, maintained and controlled certain retail stores and outlets in the City of

Chicago, County of Cook and State of Illinois, one of which was located at 6211 North

Lincoln Avenue, to which defendants, invited the public in general.

> **ANSWER:**   The Defendant admits that it leased property at the location referenced in Paragraph 2 for one of its home improvement stores on the date referenced in Paragraph 1.   The Defendant lacks sufficient information to admit or deny the remaining allegations of Paragraph 2 as they are not limited in geographical scope or time and the terms "managed," "maintained," and "controlled" are not defined.

3.    On February 27, 2006, plaintiff, LEAH CARTER, entered upon the

business premises of defendants, at 6211 North Lincoln Avenue, for the purpose of

making various purchases and as such business invitee was lawfully on and upon said

premises.

> **ANSWER:**   The Defendant admits that a person identifying herself as Leah Carter was present at the Defendant's premises located at 6211 North Lincoln Avenue on February 27, 2006 but lacks sufficient information to admit or deny the remaining allegations of paragraph 3 and therefore cannot admit or deny the same but demands strict proof thereof.

4.    On or before February 27, 2006, THE HOME DEPOT U.S.A., INC., a

foreign corporation, d/b/a THE HOME DEPOT, had a duty to keep the pedestrian

shopping aisles free from debris and materials dangerous to the public especially the

plaintiff, LEAH CARTER.

> **ANSWER:**   The Defendant denies the allegations of paragraph 4 and duly admits those duties imposed by Law.

5.    In connection with the operation of its retail store or outlet, defendants,

placed, or caused to be placed, or did not proper [sic] secure a clear plastic hand tag,

allowing said same article to be in the area plaintiff, LEAH CARTER, was walking and shopping.

      **ANSWER:**   Denied.

   .6.    As plaintiff was looking at the refrigerators when she slip [sic], on said clear plastic hand tag, causing her to lose her balance, causing her to hit her hand on the refrigerator catching herself, and causing her knee to strike the concrete floor with great force and violence.

      **ANSWER:**   The Defendant lacks sufficient information to admit or deny the allegations of paragraph 6 and therefore cannot admit or deny the same but demands strict proof thereof.

   7.    At all times material hereto, it was the duty of defendants to exercise ordinary care in the operation of said business premises for the safety of patrons invited to shop therein.

      **ANSWER:**   The Defendant denies the allegations of paragraph 7 and duly admits those duties imposed by Law.

   8.    Notwithstanding said duty as heretofore alleged in the next preceding paragraph, defendants, carelessly and negligently did, or failed to do, one or more of the following acts which proximately caused injury and damage to plaintiff:

      a.    Failed to exercise reasonable care in the operation, management, maintenance and control of the aforesaid business premises;

      b.    Negligently placed, or caused to be placed, or failed to properly attach, a clear plastic hang tag on the appliances, creating a danger to patrons who would not see them on the floor;

c.  Knew, or in the exercise of ordinary care should have known that the clear plastic tag on the floor represented a hazard to persons entering upon said business premises, yet failed to correct it;

d.  Failed to warn plaintiff of the danger to her from going on [sic] said premises;

e.  Failed to properly supervise the personnel who set up sales tags and displays in the area of plaintiff's injury.

**ANSWER:**  The Defendant denies the allegations of paragraph 8, including specifically the allegations contained in subparagraphs a-e thereunder.

9.  By reason of the premises and as a direct and proximate result of the aforesaid careless and reckless acts, or omissions, of defendants, plaintiff was caused to suffer diverse temporary and permanent disabling injuries to her person as a result of which she became and was sick, sore, lame and disordered and has suffered, and will continue to suffer, great pain and agony in body and mind, and was caused to lay out and expend, and did lay out and expend, and by reason of said permanent injuries which she has sustained will be compelled to lay out and expend in the future, diverse sums of money for medical care and attention; plaintiff has suffered great emotional distress and does now so suffer and will continue to suffer in the same manner in the future; plaintiff was greatly hindered and prevented, and will be greatly hindered and prevented in the future from following her ordinary affairs and duties and has lost and will continue to lose great gains she would otherwise have made and acquired.

**ANSWER:**  Denied.

4

WHEREFORE, the Defendant, HOME DEPOT USA, INC., prays that judgment be entered in its favor and against the Plaintiff, and that it be awarded reasonable costs, fees, and expenses.

## FIRST AFFIRMATIVE DEFENSE

NOW COMES the Defendant, HOME DEPOT USA, INC., and in further response to the Plaintiff's Complaint at Law, hereby pleads the following as its first affirmative defense:

1.    At the time and place alleged, the plaintiff owed a duty to herself and to others to act in a reasonable and safe manner, so as not to cause herself any accident, injury and/or damages.

2.    At the time and place alleged, the plaintiff breached said duty and proximately caused or contributed to her subject accident, injuries and damages by committing one or more of the following careless and/or negligent acts or omissions:

      a.    Failed to exercise due care and caution for her own safety;

      b.    Failed to keep a proper look out for her own safety;

      c.    Failed to observe a condition on the premises which was open and obvious;

      d.    Negligently encountered a condition which in the exercise of due care and caution she would have avoided; and

      e.    Was otherwise negligent.

WHEREFORE, the Defendant, HOME DEPOT USA, INC., prays that, if judgment is entered in favor of the plaintiff and against the defendant under the plaintiff's Complaint at Law, said judgment be reduced by that percentage to which the plaintiff's

own comparative fault or negligence caused or contributed to the subject occurrence, and

that judgment be entered in favor of the defendant and against the plaintiff if it is deemed

that the plaintiff's own comparative fault or negligence exceeded 50% of the total fault or

negligence attributed to the subject accident.

Respectfully submitted,

By:    Mark J. Mickiewicz

**PURCELL & WARDROPE, CHTD.**
10 South LaSalle Street
Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\MJM\3589\Pleadings\Ans.doc

6

3630 MJM; HD393                                      Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

LEAH CARTER,                          )
                                      )
        Plaintiff,                    )
                                      )
v.                                    )        No. 08 L 1929
                                      )
THE HOME DEPOT U.S.A., INC.,          )
                                      )
        Defendant.                    )

### INTERROGATORIES TO PLAINTIFF

NOW COMES the Defendant, HOME DEPOT U.S.A., INC., by its attorneys, PURCELL & WARDROPE, CHTD., and propounds the following Interrogatories pursuant to Illinois Supreme Court Rule 213 to be answered by the Plaintiff within twenty-eight (28) days upon receipt hereof:

1.    State your full name, age, date of birth, address and social security number.

**ANSWER:**

2.    State the full names and addresses of each person who witnessed or claims to have witnessed the occurrence alleged in your complaint.

**ANSWER:**

3.    State the full name and address of each person not named (in 2) above who was present or claims to have been present at the scene immediately before, at the time of, or immediately after said occurrence.

**ANSWER:**

4.    Describe in general the personal injuries sustained by you as a result of said occurrence.

**ANSWER:**

1

5. With regard to said injuries, state:

    a.    The name and address of each attending physician;
    b.    The name and address of each consulting physician;
    c.    The name and address of each person or laboratory taking an x-ray of you;
    d.    The date or inclusive dates on which each of them rendered you service;
    e.    The amounts to date of their respective bills for service; and,
    f.    From which of them do you have written reports?

**ANSWER:**

6. As the result of said personal injuries, were you a patient or out-patient in any hospital or clinic? If so, state the names and addresses of each such hospital or clinic, the amounts of their respective bills and the inclusive date of said service.

**ANSWER:**

7. Please state the names and addresses of your employer at the time of the subject accident (or your most recent employer prior to the accident) and your present employer. If you were unable to work as a result of said personal injuries allegedly sustained in the subject accident, please state the date or inclusive dates on which you were unable to work, the amount of wage or income loss claimed by you, and the name and address of the each employer from whom you lost time and wages.

**ANSWER:**

8. Has any person, insurance company other entity paid any bills or expenses as a result of this incident? If so, identify who paid said bills or expenses, state the amount paid by each such entity, and identify the bills and expenses paid.

**ANSWER:**

9. Please state the total amount of damages being sought by the Plaintiff in this lawsuit, including specifically the nature of each element of her damages, and the amount of damages being claimed for each such element.

**ANSWER:**

10. For each witness who will offer any opinion testimony at trial, please state the following:

    a.    The name and address of the witness;
    b.    The subject matter on which the opinion witness is expected to testify;
    c.    The conclusions and opinions of the opinion witness and the bases thereof; and

      d.     The qualifications of the opinion witness.

And provide all reports of the opinion witness.

**ANSWER:**

11.    During the five years immediately prior to the date of said occurrence, had you been treated by a physician, confined to a hospital, or x-rayed for any reason <u>other than personal injury</u>? If so, give the name and address of each such professional or facility, the approximate date of such service or confinement, and *state the reason for such service or confinement.*

**ANSWER:**

12.    Prior to the date of said occurrence, had you suffered <u>any</u> serious personal injury requiring medical treatment? If so, state when, where and in general how you were injured, describe the injuries suffered, and the name and address of all medical facilities and professionals who provided you treatment.

**ANSWER:**

13.    Have you suffered either (a) any personal injury or (b) serious illness, since the date of said occurrence? If so, for (a), state when, where and in general how you were injured, describe in general the injuries suffered, and provide the name and address of all medical facilities and professionals who provided you treatment; and for (b) state when you were ill, describe in general the illness, and provide the name and address of all medical facilities and professionals who provided you treatment.

**ANSWER:**

14.    Have you ever filed any other lawsuit or worker's compensation claim for your own personal injuries? If so, state the court in which filed, the year filed and the title and docket number of said case.

**ANSWER:**

15.    Were any photographs taken of the scene of the occurrence or of the injuries allegedly suffered by the person or persons involved? If so, state the date or dates on which such photographs were taken, the subjects thereof and who now has custody of them.

**ANSWER:**

16.    Do you have statements or reports from any witness other than yourself? If so, give the name and address of each such witness, the date of said statement or report, and state whether such statement or report was written or oral.

**ANSWER:**

3

17.    Please state the name and address of every witness who will testify at trial, together with the subject of their testimony.

**ANSWER:**

18.    List the name and addresses of all other persons (other than yourself and persons heretofore listed or specifically excluded) who have knowledge of the facts of said occurrence or of the injuries and damages following therefrom.

**ANSWER:**

19.    Do you have any continuing complaints or disabilities of any kind resulting from the accident? If so, please state:

      a.    The nature and frequency of said complaint or disability; and,
      b.    What medical treatment you are receiving and/or what medication are you taking for this complaint or disability.

**ANSWER:**

20.    In regard to the "clear plastic hang tag" or any other alleged dangers or defective condition of the premises alleged in the Complaint, *for each such thing or condition,* please state the following:

      a.    A physical description of said object or condition, including length, width, depth, color, type of material, etc.;
      b.    Please state in inches or feet, the distance between said object or condition and any walls, racking or other store fixture(s);
      c.    State whether the Plaintiff saw each such object or condition at any time prior to the accident beginning to occur;
      d.    If your response to the subparagraph immediately above is in the negative, please state why the Plaintiff did not observe said object or condition at any time prior to the accident beginning to occur; and
      e.    Please state the length of time each such object or condition existed on the floor prior to the accident.

**ANSWER:**

21.    For each and every cellular phone available for use by the Plaintiff at the time of the subject accident, please state the following:
      a.    The name and address of the owner of the phone;
      b.    The telephone number for each such phone;
      c.    The name and address of the service provider;
      d.    Whether the Plaintiff was actually using the cellular phone when the accident occurred.

4

**ANSWER:**

    22.   Please state if you were using the cellular phone (a) when you entered the Defendant's building just before your fall, and/or (b) when your fall occurred. If your response is in the affirmative, please state the name, address and phone number of the person with whom you were connected.

**ANSWER:**

                                            Respectfully submitted,

                        By: _____

                                 Mark J. Mickiewicz

PURCELL & WARDROPE CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900

5

3630 MJM; HD393                              FILED B - 16                    Firm No. 08079

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

CLERK OF THE CIRCUIT COURT
DOMESTIC RELATIONS

LEAH CARTER,                          )
                                      )
        Plaintiff,                    )              ————————CLERK
                                      )          DOROTHY BROWN
                                      )
v.                                    )              No. 08 L 1929
                                      )
THE HOME DEPOT U.S.A., INC.,          )
                                      )
        Defendant.                    )

## REQUEST TO PRODUCE

NOW COMES the Defendant, HOME DEPOT USA, INC., a Delaware corporation,

through its attorneys, PURCELL & WARDROPE, CHTD., and propounds the following

Request for Production of Documents, pursuant to Illinois Supreme Court Rule 214, to be

answered by the Plaintiff within twenty-eight (28) days from the date of service at the office of

the defendant for inspection and copying.

1.      Any and all photographs of the alleged defective conditions, the "clear plastic
hang tag," or of the subject premises, whether made prior to or after the plaintiff's accident.

2.      Any and all reports, letters, memos, or other written documents regarding the
alleged negligent conduct, defective conditions and/or the subject premises received from any
witnesses.

3.      List and identify, in detail, any and all technical publications, treatises, books,
codes, standards (whether scientific or otherwise), articles, regulations, or other writings or
documents, by whatever name described, which you, your attorneys, representatives, or
witnesses will offer into evidence upon the trial of this cause or which will be referred to, alluded
to, or used, as a basis of support for any opinion to be offered or opinion or fact to be proved.

4.      Any and all charts, exhibits, models, movies, or demonstrative evidence to be
offered at the trial of this cause.

5.      A copy of any and all written communications between you and this defendant
relative to said accident or claim.

6.     A copy of any and all written notes or memos reflecting any communications received by you or your representatives from this defendant or its employees.

7.     All medical bills incurred by the plaintiff(s) for treatment of injuries alleged to have been received in the accident.

8.     Hospital records for any admission of the plaintiff(s) to any hospital for injuries allegedly received in the accident.

9.     All medical reports and office records from any doctor, dentist, chiropractor, or other medical practitioner, pertaining to the injuries allegedly received by the plaintiff(s) in the accident.

10.     Any record in the possession of plaintiff indicating the amount of income lost as a result of the accident, including, but not limited to, the plaintiff's tax returns for the last five (5) years.

11.     Any statement, invoice, bill, or other writing, indicating an expense incurred by the plaintiff(s) as a result of the accident.

12.     Any photographs of the injuries allegedly received by the plaintiff(s) in said accident.

13.     Any "client record book" or other record or notes of your injuries or pain experienced from the subject accident.

14.     Any statement taken from any defendant with regard to the circumstances of the accident, the nature and extent of the plaintiff's injuries and/or damages or any other relevant matter, whether said statement be written, recorded, or a transcription of a recorded statement.

15.     Any statement or report of any witness with regard to the circumstances of the accident, the nature and extend of the plaintiff's injuries and damages, or any other relevant matter, whether said statement or report be written, recorded, or a transcription of a recorded statement.

16.     Any and all letters, memos, reports, or other writings from any employment or occupational expert who has examined, interviewed, or tested plaintiff(s).

17.     Any and all reports, medical records, medical bills, summaries, photographs, drawings, sketches, lump sum settlement records or other records, concerning *any and all prior or subsequent claims*, lawsuits or worker's compensation claims concerning any claims brought by the plaintiff(s) or on the plaintiff(s) behalf, for personal injuries otherwise suffered by the plaintiff(s).

2

18.    All documents reflecting correspondence or communications with plaintiff's employer regarding the injuries allegedly sustained in the incident, the plaintiff's work schedule and/or attendance at work since the occurrence, and/or the plaintiff's claim for lost wages and/or lost earning capacity resulting from the subject accident.

19.    Any report of any inspection of the premises any alleged defective or dangerous condition of the premises where the accident occurred, or any report of any inspection/observation of the operation of the store in question.

20.    Any and all reports rendered by any witness whom you expect to provide opinion testimony at trial.

21.    Any document relied upon, referred to, or identified in your Answers to Interrogatories served in this litigation.

22.    All bills, invoices, canceled checks, letters, correspondence, notes, or other documentation referencing any cellular phone available for use by the Plaintiff on the date of the accident, including all statements for cellular phone service provided on the date of the occurrence.

23.    Any and all reports, medical records, bills, summaries or other records concerning any and all other injuries and illnesses suffered by the Plaintiff at any time, whether before or after the subject occurrence, which required medical treatment.

The term "accident" or "occurrence" as used in this request for production refers to the accident or occurrence outlined in the plaintiff's complaint.

The plaintiff is requested to make such production at the offices of Purcell & Wardrope, Chtd., 10 South LaSalle Street, Suite 1200, Chicago, Illinois.

Respectfully submitted,

By:    _____
Mark J. Mickiewicz

PURCELL & WARDROPE CHTD
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900

3

3630 MJM; HD393                                                    Firm No. 08079

FILED 8 - 16

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

CLERK OF THE CIRCUIT COURT
DOMESTIC RELATIONS

LEAH CARTER,

————————CLERK
DOROTHY BROWN

Plaintiff,                          )
                                    )
                                    )
v.                                  )          No. 08 L 1929
                                    )
THE HOME DEPOT U.S.A., INC.,        )
                                    )
Defendant.                          )

### DEMAND FOR PRODUCTION PURSUANT
### TO SUPREME COURT RULE 237 & 213(e)

Now comes the Defendant, HOME DEPOT USA, INC., a Delaware corporation, by and

through its attorneys, PURCELL & WARDROPE, CHTD., and requests that the Plaintiff, LEAH

CARTER, produce at the time of arbitration and trial in the above case, and such production to

continue throughout the entire course of this lawsuit for arbitration and trial, pursuant to 237 &

213(e), of the Rules of the Supreme Court of the State of Illinois, the following persons and

documents:

    1.    It is hereby demanded, pursuant to Illinois Supreme Court Rule 213(e), that you
produce immediately upon commencement of the arbitration and/or trial (unless otherwise herein
indicated), and prior to the selection of the jury, the identity and last known address of all
persons and organizations in addition to those previously disclosed, having knowledge of the
facts relevant to this lawsuit.

    2.    It is demanded, pursuant to Illinois Supreme Court Rule 237, that you produce
LEAH CARTER at the time of arbitration and trial for examination under 2-1102 of the Illinois
Code of Civil Procedure.

    3.    It is demanded, pursuant to Illinois Supreme Court Rule 237, that you produce
immediately upon commencement of the arbitration and/or trial, and prior to the selection of a
jury, the following original documents or tangible things or copies of same if originals are not
available:

        a.    Any and all photographs of the alleged defective conditions or of the
            subject premises, whether made prior to or after the plaintiff's accident.

b.    Any and all reports, letters, memos, or other written documents regarding the alleged negligent conduct, defective conditions and/or the subject premises received from any witnesses.

c.    List and identify, in detail, any and all technical publications, treatises, books, codes, standards (whether scientific or otherwise), articles, regulations, or other writings or documents, by whatever name described, which you, your attorneys, representatives, or witnesses will offer into evidence upon the trial of this cause or which will be referred to, alluded to, or used, as a basis of support for any opinion to be offered or opinion or fact to be proved.

d.    Any and all charts, exhibits, models, movies, or demonstrative evidence to be offered at the trial of this cause.

e.    A copy of any and all written communications received by you from this defendant relative to said accident or claim.

f.    A copy of any and all written notes or memos reflecting any communications received by you or your representatives from this defendant or its employees.

g.    All medical bills incurred by the plaintiff(s) for treatment of injuries alleged to have been received in the accident.

h.    Hospital records for any admission of the plaintiff(s) to any hospital for injuries allegedly received in the accident.

i.    Medical reports and office records from any doctor, dentist, chiropractor, or other medical practitioner, pertaining to the injuries allegedly received by the plaintiff(s) in the accident.

j.    Any record in the possession of plaintiff(s) indicating the amount of income lost as a result of the accident, including, but not limited to, the plaintiff's tax returns for the last five (5) years.

k.    Any statement, invoice, bill, or other writing, indicating an expense incurred by the plaintiff(s) as a result of the accident.

l.    Any photographs of the injuries allegedly received by the plaintiff(s) in said accident.

m.    Any "client record book" or other record or notes of your injuries or pain experienced from the subject accident.

n.    Any statement taken from any defendant with regard to the circumstances of the accident, the nature and extent of the plaintiff's injuries and/or damages or any other relevant matter, whether said statement be written, recorded, or a transcription of a recorded statement.

o.    Any statement or report of any witness with regard to the circumstances of the accident, the nature and extend of the plaintiff's injuries and damages, or any other relevant matter, whether said statement or report be written, recorded, or a transcription of a recorded statement.

p.    Any and all letters, memos, reports, or other writings from any employment or occupational expert who has examined, interviewed, or tested plaintiff(s).

q.    Any and all reports, medical records, medical bills, summaries, photographs, drawings, sketches, lump sum settlement records or other

2

records, concerning *any and all prior and/or subsequent claims*, lawsuits or worker's compensation claims concerning any claims brought by the plaintiff(s) or on the plaintiff(s) behalf, for personal injuries otherwise suffered by the plaintiff(s).

r.    All documents reflecting correspondence or communications with plaintiff's employer regarding the injuries allegedly sustained in the incident, the plaintiff's work schedule and/or attendance at work since the occurrence, and/or the plaintiff's claim for lost wages and/or lost earning capacity resulting from the subject accident.

s.    Any report of any inspection of the premises or of the shovel, water, cans, receptacles, or other alleged defective or dangerous condition of the premises where the accident occurred, or any report of any inspection/observation of the operation of the store in question.

t.    Any and all reports rendered by any witness whom you expect to provide opinion testimony at trial.

u.    Any document relied upon, referred to, or identified in your Answers to Interrogatories served in this litigation.

v.    All bills, invoices, canceled checks, letters, correspondence, notes, or other documentation referencing any cellular phone available for use by the Plaintiff on the date of the accident, including all statements for cellular phone service provided on the date of the occurrence.

w.    Any and all reports, medical records, bills, summaries or other records concerning any and all other injuries and illnesses suffered by the Plaintiff at any time, whether before or after the subject occurrence, which required medical treatment.

Respectfully submitted,

By:    _____
Mark J. Mickiewicz

PURCELL & WARDROPE CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900

3

3630 MJM; HD393                                                      Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

LEAH CARTER,                        )
                                    )
     Plaintiff,                   )
                                    )
v.                                  )          No. 08 L 1929
                                    )
THE HOME DEPOT U.S.A., INC.,        )
                                    )
     Defendant.                   )

## ILLINOIS SUPREME COURT RULE 213 INTERROGATORIES TO PLAINTIFF

NOW COMES the Defendant, HOME DEPOT U.S.A., INC., by its attorneys, PURCELL

& WARDROPE, CHTD., and propounds the following Supreme Court Rule 213 Interrogatories

to Plaintiff, LEAH CARTER, to be answered within twenty-eight (28) days upon receipt thereof:

1.    State the name, current address and telephone number of each **lay witness** pursuant to Supreme Court Rule 213 (f) (1) who will testify at trial **and the subjects on which** each lay witness identified in this interrogatory will testify.

**ANSWER:**

2.    State the name, current address and telephone number of each and **independent expert witnesses** pursuant to Supreme Court Rule 213 (f) (2) who will testify at trial. With respect to each independent expert witness identified in this interrogatory, state:

    a.    The subjects on which the witness will testify; and

    b.    Any and all **opinions** you expect to elicit from the witness.

**ANSWER:**

3.    State the name, current address and telephone number of each and **controlled expert witness** pursuant to Supreme Court Rule 213 (f) (3) who will testify at trial. For each controlled expert witness, please identify:

    a.    The **subject matter** on which the witness will testify;

    b.    The **conclusions** and **opinions** of each witness and the **basis** of each opinion and conclusion;

c.      The qualifications of the witness;

d.      Any **reports** prepared by the witness about the case.

e.      Identify all **documents** or **publications** that the witness considered in arriving at his/her opinions and conclusions;

**ANSWER:**

Respectfully Submitted,

By:  _____

Mark J. Mickiewicz
**Attorney for the Defendants**

Purcell & Wardrope, Chtd.
10 So. LaSalle St., Suite 1200
Chicago, IL  60603
(312) 427-3900

3630 MJM; HD393                                                Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

LEAH CARTER,                          )
                                      )       2008 APR -7 PM 3:41
        Plaintiff,                    )
                                      )       CLERK OF THE CIRCUIT COURT
v.                                    )       DOMESTIC RELATIONS
                                      )       DOROTHY _____ CLERK
THE HOME DEPOT U.S.A., INC.,          )       No. 08 L 1929
                                      )
        Defendant.                    )

### REQUEST TO ADMIT TO PLAINTIFF, LEAH CARTER

NOW COME the Defendants, HOME DEPOT, USA, INC., by its attorneys, Jonathan P. Schaefer of PURCELL & WARDROPE CHTD., and hereby requests the plaintiff, LEAH CARTER, pursuant to FRCP 36, to admit or deny the following within 28 days hereof:

1.    At the time of filing her Complaint on 2/20/08, the plaintiff, LEAH CARTER, was a resident of the State of Illinois.

2.    At the time of filing her Complaint on 2/20/08, the plaintiff, LEAH CARTER, was not a resident of the State of Delaware, the State of Maryland, or the State of Georgia.

3.    The amount in controversy in this cause, including any and all claims of future damages, is not in excess of $75,000, exclusive of an interest and/or costs.

Respectfully submitted,

By: _____
    Mark J. Mickiewicz

PURCELL & WARDROPE CHTD
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900

3630 MJM; HD393                                                    Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| LEAH CARTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 08 L 1929 |
| | ) | |
| THE HOME DEPOT U.S.A., INC., | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF FILING

TO:   JOHN M. MOLLOY & ASSOCIATES
      20 S. Clark St., Ste. 2000
      Chicago, IL 60603

YOU ARE HEREBY NOTIFIED that on **April 4, 2008**, we filed in the office of the Circuit Court of Cook County, Illinois, Law Division, **APPEARANCE, JURY DEMAND, ANSWER TO COMPLAINT AT LAW AND AFFIRMATIVE DEFENSES**, copies of which are attached hereto and served upon you.

                                        Mark J. Mickiewicz

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\MJM\3630\Pleadings\NOF001.doc

### PROOF OF SERVICE

I, Sarah N. Johnson, a non-attorney, certify, pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, certify that I mailed a copy of the above and foregoing Notice, together with copies of the aforementioned documents, via U.S. Mail, to each party to whom it is directed on **April 4, 2008.**

                                        Sarah N. Johnson

3630 MJM; HD393                                                    Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

LEAH CARTER,

    Plaintiff,

v.

THE HOME DEPOT U.S.A., INC.,

    Defendant.

)
)
)
)
)
)
)
)
)
)

CLERK OF THE CIRCUIT COURT
DOMESTIC RELATIONS
_____CLERK
DOROTHY BROWN

No. 08 L 1929

2008 APR -7 PM 3: 41

### NOTICE OF FILING

TO:    JOHN M. MOLLOY & ASSOCIATES
        20 S. Clark St., Ste. 2000
        Chicago, IL 60603

    YOU ARE HEREBY NOTIFIED that on **April 7, 2008**, we filed in the office of
the Circuit Court of Cook County, Illinois, Law Division, **REQUEST TO ADMIT TO
PLAINTIFF, INTERROGATORIES TO PLAINTIFF, REQUEST TO PRODUCE
TO PLAINTIFF AND DEMAND FOR PRODUCTION PURSUANT TO
SUPREME COURT RULE 237 & 213(E)**, copies of which are attached hereto and
served upon you.

                                                    _____
                                              Mark J. Mickiewicz

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\MJM\3630\Discovery\NOF001.doc

### PROOF OF SERVICE

    I, Sarah N. Johnson, a non-attorney, certify, pursuant to 735 ILCS 5/1-109 of the
Code of Civil Procedure, certify that I mailed a copy of the above and foregoing Notice,
together with copies of the aforementioned documents, via U.S. Mail, to each party to
whom it is directed on **April 7, 2008**.

                                          _____
                                          Sarah N. Johnson

3630 MJM; HD393                                                      Firm No. 08079

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

LEAH CARTER,                          )
                                      )
    Plaintiff,                    )
                                      )
v.                                    )          No. 08 L 1929
                                      )
THE HOME DEPOT U.S.A., INC.,          )
                                      )
    Defendant.                    )

### NOTICE OF FILING

TO:    JOHN M. MOLLOY & ASSOCIATES
        20 S. Clark St., Ste. 2000
        Chicago, IL 60603

    YOU ARE HEREBY NOTIFIED that on **April 8, 2008,** we filed in the office of the Circuit Court of Cook County, Illinois, Law Division, **ILLINOIS SUPREME COURT RULE 213 INTERROGATORIES TO PLAINTIFF,** a copy of which is attached hereto and served upon you.

                             Mark J. Mickiewicz

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\MJM\3630\Discovery\NOF002.doc

### PROOF OF SERVICE

    I, Sarah N. Johnson, a non-attorney, certify, pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, certify that I mailed a copy of the above and foregoing Notice, together with copies of the aforementioned documents, via U.S. Mail, to each party to whom it is directed on **April 8, 2008.**

                             Sarah N. Johnson

Attorney No. 25161

FILED B - 7

STATE OF ILLINOIS)
             ) SS
COUNTY OF C O O K)

2008 APR 24 PM 1: 21

DOROTHY BROWN
CLERK OF THE CIR...

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

LEAH CARTER,              )
                        )
      Plaintiff,         )
                        )
        vs              )  No.  08 L 001929
                        )
THE HOME DEPOT U.S.A., INC.,   )
a foreign corporation, D/B/A THE  )
HOME DEPOT,              )
                        )
      Defendant.        )

### PLAINTIFF'S REPLY TO DEFENDANT'S REQUESTS TO ADMIT

NOW COMES plaintiff, LEAH CARTER, by and through her attorneys, JOHN M. MOLLOY & ASSOCIATES, hereby response as follows to Defendant's Requests to Admit Facts. Further, although Defendant styled its Request to Admit pursuant to Federal Rule of Civil Procedure 36, Plaintiff interprets that to be a typographical error, and takes Defendant's Requests to Admit Facts to be in accordance with the applicable provisions of Illinois Supreme Court Rule 216. Plaintiff response as follows:

1. At the time of filing her Complaint on 2/20/08, the plaintiff, LEAH CARTER, was a resident of the State of Illinois.

ANSWER:  Admit.

2. At the time of filing her Complaint on 2/20/08, the plaintiff, LEAH CARTER, was not a resident of the State of Delaware, the State of Maryland, or the State of Georgia.

ANSWER:  Admit.

3630
&  MJM
JPS

Attorney No. 25161
STATE OF ILLINOIS)
                 )  SS
COUNTY OF C O O K)

FILED B - 7

2008 APR 24  PM 1: 21

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION
OF COOK COUNTY, IL

LEAH CARTER,                    )
                                )
        Plaintiff,              )
                                )
        vs                      )    No.   08 L 001929
                                )
THE HOME DEPOT U.S.A., INC.,    )
a foreign corporation, D/B/A THE )
HOME DEPOT,                     )
                                )
        Defendants.             )

### NOTICE OF FILING

TO:  Mark J. Mickiewicz
     PURCELL & WARDROPE, CHTD.
     10 South LaSalle Street, Suite 1200
     Chicago, IL 60603

     PLEASE TAKE NOTICE that on the 14TH day of April 2008, the undersigned will file with the Clerk of the above-styled Court the following: **PLAINTIFF'S REPLY TO DEFENDANT'S REQUESTS TO ADMIT.**

Dated this 23rd day of April 2008

John M. Molloy & Associates
17 North State Street, 17th Floor
Chicago, IL 60602
312-346-4444

### PROOF OF SERVICE

     I DO HEREBY CERTIFY that a true copy of the foregoing was served by mailing and by depositing same in the United States Post Office located at 17 North State Street, Chicago, Illinois, 60602, with postage prepaid, on the 23rd day of April 2008.

BY:

APR 2 9 2008

3630 MJM; HD393                                                  Firm No. 08079

FILED B - 7
IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION PM 3: 19

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

LEAH CARTER,                         )
                                     )
            Plaintiff,               )
                                     )
v.                                   )          No. 08 L 1929
                                     )
THE HOME DEPOT U.S.A., INC.,         )
                                     )
            Defendant.               )

## NOTICE OF FILING

TO:    JOHN M. MOLLOY & ASSOCIATES
       20 S. Clark St., Ste. 2000
       Chicago, IL 60603

       YOU ARE HEREBY NOTIFIED that on **May 15, 2008,** we filed in the office of
the Circuit Court of Cook County, Illinois, Law Division, **NOTICE OF REMOVAL,** a
copy of which is attached hereto and served upon you.

                                     _____
                                     Mark J. Mickiewicz

PURCELL & WARDROPE, CHTD.
10 South LaSalle Street, Suite 1200
Chicago, IL 60603
(312) 427-3900
F:\MJM\3630\Pleadings\NOF002.doc

## PROOF OF SERVICE

       I, Sarah N. Johnson, a non-attorney, certify, pursuant to 735 ILCS 5/1-109 of the
Code of Civil Procedure, certify that I mailed a copy of the above and foregoing Notice,
together with copies of the aforementioned documents, via U.S. Mail, to each party to
whom it is directed on **May 15, 2008.**

                                     _____
                                     Sarah N. Johnson